## STATE EX REL. ATTORNEY-GENERAL *v.* BLODGETT.

### [70 South. 710.]

1. PUBLIC LANDS. *Sale of timber. Setting aside. Sufficiency of bill.*
   The board of supervisors has full power in the exercise of its discretion to sell timber on sixteenth section land to the lessee of the land or any one else.

2. SAME.
   A bill by the state on the relation of the attorney-general to cancel a conveyance of timber on sixteenth section land by the board of supervisors, to the lessee of the land for five hundred dollars, which gave to him twenty years in which to remove the timber and provided for a surrender of the remainder of the lease as soon as he had cut the timber, or at the expiration of twenty years, and which alleged that the timber was worth three thousand dollars; that the price was grossly inadequate; that there was no necessity to sell the timber; that it was sold by the board of supervisors because the lessee wished to purchase it, and not to promote the interest of the owners of the property, and that the board knew no one else could bid on it because of the lease to defendant, does not show fraud or collusion between the board and defendant, especially since the surrender of the remainder of the lease after the timber was cut, or at the end of twenty years, was a consideration for the conveyance, in addition to the money consideration.

APPEAL from the chancery court of Green county.

HON. J. M. STEVENS, Judge.

Bill by the state, on relation of the attorney-general, against John W. Blodgett trustee. From a decree for defendant on demurrer the state appeals.

The facts are fully stated in the opinion of the court.

*Lamar F. Easterling,* Assistant Attorney-General, for the state.

*Ford & White,* for appellee.

ŠYKES, J., delivered the opinion of the court.

The averments in the bill are substantially the same as those in the cases of *Dantzler Lumber Co.* v. *State,* 97 Miss. 355, 53 So. 1, and *State* v. *Dunnam,* 67 So. 461. In the *Dunnam Case,* a demurrer interposed to the bill was sustained by the court below, just as was done in this case; and the action of the lower court in that case was affirmed here.

It is the contention of the state that the bill in this case charges fraud and collusion between the board of supervisors and the appellee. This contention is based upon the allegations that the timber sold for five hundred dollars, when it was in fact worth at least three thousand dollars, which is a grossly inadequate consideration; that there was no necessity to sell said timber, and that it was sold by the board of supervisors because appellee wished to purchase it; that it was not sold for the purpose of promoting the interests of the owners of said property; that the board knew no one else could bid on it because of the lease held by appellee on said lands. The exhibit (A) to the bill shows that the timber was sold to the lessee for the sum of five hundred dollars, and that he was given twenty years in which to remove it; further, that the lessee was to surrender to the board the remainder of his lease on these lands as soon as he had cut the timber, or at the expiration of the twenty years.

That the board of supervisors had full power in the exercise of its discretion to sell this timber to the lessee of the land, or any one else, was fully settled by this court in the two cases above cited. The bill and exhibit thereto do not show any fraud or collusion; in fact, the state overlooks entirely a most valuable part of the consideration in its contention. viz., the surrender of the remainder of the lease after the timber has been cut, or at the end of twenty years.

*Affirmed.*